UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | | |
|---|---|---|
| MATTHEW CROCKETT | ) | |
| | ) | |
| PLAINTIFF | ) | CIVIL ACTION NO._____ |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| LIFE INSURANCE COMPANY OF NORTH AMERICA | ) ) | |
| | ) | |
| DEFENDANT | ) | |

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

## INTRODUCTION

1. Plaintiff seeks legal and equitable damages arising from and relating to a long-term disability policy, which was both issued and administered by Defendant.

2. The headings set forth herein are intended to assist the Defendant in reviewing the statements and allegations therein. Plaintiff hereby reaffirms and reincorporates each paragraph of each section as though fully set forth under each heading.

3. The factual allegations found in this Complaint are not exhaustive facts but provided to give Defendant notice of the basis of Plaintiff's allegations.

## PARTIES

4. Plaintiff Matthew Crockett resides in Danville, Boyle County, Kentucky.

5. Defendant Life Insurance Company of North America (d/b/a Cigna) is an insurance company formed under the laws of the state of Pennsylvania and is authorized to do business in the Commonwealth of Kentucky by holding a Kentucky Certificate of Authority.

1

6. Defendant's service of process agent is CT Corporation System, which is located at 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601.

## JURISDICTION & VENUE

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1) and § 1132(f).

8. Venue is appropriate in the United States District Court for the Eastern District of Kentucky pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b)(2).

## FACTS

9. Plaintiff was an employee of Honeywell International Inc.

10. Plaintiff's last job title at Honeywell International Inc. was a Painter.

11. Defendant supplied and issued a policy for disability insurance to Plaintiff by virtue of a group insurance policy that insured the employees of Honeywell International Inc.

12. Upon information and belief, the policy number for the long-term disability ("LTD") policy, which insured the Plaintiff, is believed to be VDT 0980084.

13. The aforementioned LTD policy contains provisions allowing Plaintiff to be defined as disabled and thus receive LTD benefits, if he meets the following definition as set forth in said policy of insurance:

> The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is: (1) unable to perform the material duties of his or her Regular Occupation; and (2) unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.

> After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is: (1) unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and (2) unable to earn 80% or more of his or her Indexed Earnings.

14. Plaintiff became disabled and was unable to return to work on or about June 16, 2018.

15. Plaintiff applied for short-term disability (STD) benefits with Defendant and was eventually approved for STD benefits.

16. Plaintiff applied for SSDI benefits with the Social Security Administration (SSA), and the SSA determined Plaintiff was disabled from any occupation as of June 17, 2018. Plaintiff continues to receive his SSDI benefits.

17. In a letter dated January 22, 2019, Defendant asserted that it had received Plaintiff's application for LTD benefits.

18. Plaintiff filed his claim for LTD benefits after the 2018 regulations for 29 C.F.R. § 2560.503-1(l) became effective on April 1, 2018.

19. Plaintiff was approved for LTD benefits through December 16, 2020.

20. In a letter dated December 24, 2020, Defendant asserted it was unable to continuing paying Plaintiff's benefits beyond December 16, 2020.

21. In a letter dated May 14, 2021, Plaintiff appealed Defendant's denial of LTD benefits. The appeal was received by Defendant on May 17, 2021.

22. In a letter from Defendant dated August 13, 2021 (88 days after receipt of Plaintiff's appeal), Defendant noted it was tolling its decision until receipt of Plaintiff's SSDI file and that this information should be submitted by September 28, 2021.

23. In a letter from Defendant dated September 28, 2021, Defendant noted Plaintiff that his appeal was under medical review.

24. Defendant did not issue a decision within 90-days of receipt of Plaintiff's appeal, as set forth under 29 CFR § 2560.503-1.  Instead, on October 21, 2021, more than 110 days after Plaintiff's appeal was received by Defendant (not counting any "tolling" period

from August 13, 2021 to September 28, 2021), Defendant issued a letter stating an adverse benefit decision is warranted, and allowed Plaintiff up to November 4, 2021 to provide a response.

25. Pursuant to 29 CFR §§ 2560.503-1(l)(2)(i): "In the case of a claim for disability benefits, if the plan fails to strictly adhere to all the requirements of this section with respect to a claim, the claimant is deemed to have exhausted the administrative remedies available under the plan, except as provided in paragraph (l)(2)(ii) of this section. Accordingly, the claimant is entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim. If a claimant chooses to pursue remedies under section 502(a) of the Act under such circumstances, **the claim or appeal is deemed denied on review without the exercise of discretion by an appropriate fiduciary**." (emphasis added)

26. In a letter dated November 23, 2021, Defendant upheld its decision to deny Plaintiff's benefits, and asserted Plaintiff has "exhausted all administrative levels of appeal and no further appeals will be considered," and Plaintiff has a right to bring a legal action.

27. Plaintiff supplied Defendant with overwhelming medical records and reports documenting and supporting the fact Plaintiff is disabled per the terms of his LTD policy, and satisfies the definitions of disability contained in his policy of insurance.

28. Plaintiff has met and continues to meet the requirements for benefits under his disability policy.

29. The administrative record and the SSA decision fully supports the fact that Plaintiff is disabled, pursuant to the terms of his LTD policy.

30. Defendant has an inherent conflict of interest as it is not only the payor of Plaintiff's benefits, but also the decider of entitlement to Plaintiff's LTD benefits.

31. Plaintiff's complaint is timely and is not otherwise time barred.

## CLAIMS

### COUNT I – BREACH OF CONTRACT

32. The aforementioned LTD policy is a contract for insurance between Plaintiff and Defendant.

33. Contrary to the terms of Plaintiff's disability policy, Defendant decided to deny Plaintiff's LTD benefits beyond December 16, 2020, and this constitutes a breach of contract.

34. Defendant's failure to pay further LTD benefits is a violation of the terms of the policy.

35. Defendant has wrongfully, and in contrast to the overwhelming evidence contained within the administrative files, denied further payment of Plaintiff's LTD benefits that it owes to Plaintiff pursuant to the terms of the applicable policy of insurance.

36. As a result of Defendant's breach, Plaintiff has been damaged, and Plaintiff seeks not only past due benefits, but also his attorney's fees, costs, interest and other relief.

37. Pursuant to 29 U.S.C. §1132(a), Plaintiff is permitted to enforce the contractual terms of his insurance policies with Defendant, recovering past due benefits, reinstatement of disability benefits, allowance of attorney's fees and costs, and other legal and equitable relief.

### COUNT II – VIOLATIONS OF ERISA

38. Pursuant to ERISA §502(a)(1)(B) and 29 U.S.C. §1132(a)(1)(B), Plaintiff seeks to recover his LTD policy benefits which were denied by Defendant, including pre-judgment and post-judgment interest.

39. As a result of the Defendant's conduct, Plaintiff has incurred attorney's fees and costs.

40. Pursuant to ERISA §502(g) and 29 U.S.C. §1132(g), Plaintiff seeks his attorney's fees and costs expended herein.

41. Defendant's decisions to deny Plaintiff's LTD benefits is arbitrary and capricious and against the greater weight of the evidence that was tendered to Defendant.

42. Defendant's failure to adhere to the guidelines of 29 CFR § 2560.503-1 warrants a *de novo* review of Defendant's denial.

43. Based on the administrative record, Defendant's decision to deny further benefits to Plaintiff under his LTD policy was incorrect and should be overturned.

44. Defendant should be enjoined from denying benefit payments owed to Plaintiff under Plaintiff's LTD policy.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff Matthew Crockett demands the following relief:

A. Judgment against Defendant on all claims asserted herein including for full contractual benefits;

B. That the Court award pre-judgment and post-judgment interest;

C. That the Court award reasonable attorney's fees;

D. That the Court award court costs;

E. Any and all legal or equitable relief Plaintiff may be entitled to; and

F. Plaintiff requests leave to amend the complaint if needed.

Respectfully Submitted:

s/ Timothy E. Geertz
TIMOTHY E. GEERTZ
Law Offices of Timothy E. Geertz, PLLC
2333 Alexandria Drive
Lexington, Kentucky 40504

                 Telephone:  859-299-2929
                 Facsimile:  859-201-1141
                 Email:  tim@geertzlaw.com
                 *Attorney for Plaintiff Matthew Crockett*

Dated: December 9, 2021